UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:14-cv-01103-RPM**

W.J. BRADLEY MORTGAGE CAPITAL, LLC

    Plaintiff,

v.

LEGACY GROUP LENDING, INC.

    Defendant.

**Consolidated with:**

**Civil Action No. 14-cv-01486-RPM**

LEGACY GROUP LENDING, INC., and
LEGACY GROUP HOLDINGS INC.,

    Plaintiffs,

v.

W.J. BRADLEY MORTGAGE CAPITAL, LLC

    Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

Counsel held their F.R.C.P. 26(f) conference at 3:00pm mountain time on August 4, 2014. The parties were represented as follows:

    a.    <u>W.J . Bradley Mortgage Capital, LLC ("WJB")</u>

           Jon D. Paul
           Jeffrey C. Culbertson

1

6465 Greenwood Plaza Blvd., Suite 500
Centennial, Colorado 80111 (Telephone: (720) 458-5353)

b. Legacy Group Lending, Inc. ("LGL") and Legacy Group Holdings, Inc. ("LGH")(collectively, "Legacy")

Michael T. Callan of Peterson Russell Kelly PLLC
10900 NE Fourth Street, Suite 1850
Bellevue, Washington 98004-8341 (Telephone: (425)-990-4025).

## 2. STATEMENT OF JURISDICTION

The Federal District Court for the District of Colorado has subject matter jurisdiction over this matter based upon diversity jurisdiction, as there is complete diversity between WJB and Legacy, and the amount in controversy exceeds $75,000.00. (*See* 28 U.S.C. § 1332).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. WJB's Claims:

WJB and LGL entered into a Correspondent Mortgage Purchase Agreement (the "Purchase Agreement") on or about March 13, 2013 wherein LGL agreed to sell sell to WJB certain loans originated and closed by LGL, subject to certain warranties and representations. LGL breached the representations and warranties in the Purchase Agreement. WJB discovered the underwriting (performed by LGL) for Loans ******2500 ("Loan 2500") and ******2200 ("Loan 2200")(collectively, the "Loans") contained material misstatements of fact and breaches of warranty. Specifically, Loan ******2500 represented the borrower was employed, which was not true.

Loan ******2200 contained material defects in the collateral not disclosed to WBJ by LGL at the time of the sale of the loans to WJB. Specifically, the foundation of the residential property securing the loan was cracked and crumbling. Moreover, the life expectancy of the property was only 25 years on a 30 year loan. Thus, the loan was undercapitalized. LGL had

2

represented that the property was in good repair. Further, loan occupancy documents for this loan were false, as the borrower had stated that the property would be owner occupied and not used as a rental property. WJB has reason to believe the property is in fact being rented. Thus, LGL's representations and warranties that all information relating to each loan were true and accurate and there were no omissions of material facts, have been breached. The breaches of the representations and warranties made by Legacy in the parties' Purchase Agreement materially and adversely affected the value of the Loans, yet WJB has been forced to repurchase such loans from the investor. Pursuant to the parties' Agreement, WBJ made demand upon Legacy for it to repurchase the Loans. Legacy refused, and WJB has made claims for: (1) Breach of Contract; (2) Breach of Warranty; (3) Unjust Enrichment; and, (4) such other relief as the Court deems proper.

*Legacy's Claims:*

Legacy operated a mortgage banking business in Bellevue, King County, Washington. On or about March 21, 2013, Legacy and WJB entered into a Letter of Intent ("LOI") which provided for among other things, that WJB would hire substantially all of Legacy's employees and operate a line of mortgage businesses under WJB's entities. As part of that transaction WJB agreed to assume Legacy's office leases and purchase Legacy's office furniture and equipment.

Consistent with the LOI, Legacy and WJB executed a series of office subleases, ("Subleases") wherein WJB took possession and occupied the premises and paid rent for the office space. As further protection to Legacy, the parties executed an Indemnity Agreement whereby WJB agreed to indemnify Legacy against all losses, liabilities, claims, etc. incurred by Legacy arising out of each of the Leases after May 1, 2013.

WJB terminated many of the sublease agreements. However, because of Legacy's ongoing obligation to the landlord under the Leases, Legacy has and continues to incur damages in paying rent and other associated costs under the Leases. Some of those damages will continue until October 2016. Legacy therefore has claims against WJB under both the Subleases and under the Indemnity Agreement. Legacy's damages and ongoing claims are associated with ten Premises under which Legacy maintains liability under the Lease. Legacy has attempted to mitigate its damages by subleasing any of such Premises but nevertheless has incurred damages, expenses and attorneys' fees related to the Leases for which WJB agreed to be responsible.

For one of the Premises (**112_3_5** SE 6th Street, Suites 110 and 120, Bellevue, Washington) there does not appear to be an executed written Sublease. However that failure appears to be an oversight or clerical error by both parties as the Lease for such Premises is listed as a Lease being assumed by WJB under the Indemnity Agreement. WJB occupied and paid rent for such Premises.

Consistent with such clerical error, WJB executed a Sublease for the Premises located at **112_2_5** SE 6th Street Suites 110 and 120, Bellevue, Washington. The Premises contains an almost identical address to the one described in the preceding paragraph. WJB executed a Sublease and occupied and paid rent for such Premises despite the fact that the Premises was not contained on the list of assumed Leases under the Indemnity Agreement. Legacy's position is that WJB is now estopped from using the clerical error to deny liability under the Leases.

WJB also executed a Bill of Sale for certain office equipment associated with the transactions identified above. WJB took possession of the property and failed to pay for the same.

4

103736 108 eh25cn25fb

b. *WJB's Defenses to Legacy's Claims:*

WJB's defenses are both factual and legal. First, pursuant to the Purchase Agreement, WJB is allowed the right of set off with respect to any claims Legacy may make based upon the damages incurred by WJB as alleged above. WJB asserts that right.

With respect to Legacy's First Cause of Action for Breach of Contract (Subleases), WJB asserts that several of the subleases were never executed, and therefore, factually, WJB could not have breached a sublease it never agreed to after it provided notice of its intent to terminate. Further, in each instance, WJB provided either the landlord or Legacy with a notice of intention to terminate the lease. Thus, as WJB was under no written lease agreement with Legacy for several of the properties, its obligation to pay rent on any such property to or on behalf of Legacy ceased one month after its notice of termination. Similarly, many of Legacy's master leases were month to month leases, and therefore Legacy suffered no damages subsequent to receiving the notice of termination. Thus, Legacy could easily mitigate any losses by providing similar notice to its landlord terminating the affected leases.

With respect to the Legacy's Second Claim for Relief related to the indemnities, WJB asserts that the Notice of Claim procedure as described in the parties' Indemnity Agreement was not followed. Specifically, no claim or lawsuit arose triggering WJB's obligation to indemnify Legacy. Moreover, in some instances, upon information and belief, Legacy's lease guarantors were called upon by Legacy's landlords to fulfill their guaranties on the subject properties. WJB has no agreement to indemnify Legacy's guarantors, and thus, the statute of frauds is a defense to this claim as well, as WJB has no obligation to indemnify Legacy's lease guarantors.

*Legacy's Defenses:*

As to Loan *******2500 Legacy denies the loan contained any material misstatements or misrepresentations or that that Legacy breached any representations or warranties related to the loan including the allegations that the calculation of the borrower's income was false. Legacy denies it was aware of termination of the borrower's employment and denies it was aware of any fraud associated with such loan or that there was any breach to be cured. Legacy further claims that the loan has been paid in full by the borrower. Therefore, regardless of the claims by WJB as to such loan, the issue is moot and WJB has suffered no damages.

As to Loan No. ***2200 Legacy denies the loan had material defects and that the conditions of the property which was the subject of the loan were reviewed and accepted by WJB. Legacy asserts that WJB's reliance on the report of an appraiser as to conditions of the foundation are misplaced or that following the report Legacy was required to obtain a foundation certification because the appraiser rated the condition and quality of the home as C4, and that in accordance with the loan program, Freddie Open Access guidelines, no further action was required by Legacy. Legacy denies that under the guidelines of the loan and the conventional standards to which this loan applied that the effective life rendered the loan under-collateralized. Legacy also denies the allegations that it submitted loan documents that were false. The borrower executed the Deed of Trust Second Home Rider and represented his intent to occupy the property as his second residence. The loan is believed to be current.

c. *Other Parties*: N/A

### 4. UNDISPUTED FACTS

103736 108 eh25cn25fb

The following facts are undisputed:

    a.    WJB is a Delaware limited liability company with its principal place of business in Centennial, CO.

    b.    Legacy is comprised of Washington corporations, with their principal places of business located in King County, Washington.

    c.    WJB and Legacy entered into a Correspondent Mortgage Purchase Agreement on or about March 13, 2013.

    d.    WJB signed a Letter of Intent ("LOI") dated on or around March 21, 2013.

    e.    WJB and Legacy entered into an Indemnity Agreement ("Indemnity") dated on or around May 1, 2013.

    f.    Legacy signed a Bill of Sale ("Bill of Sale") dated July 15, 2013.

    g.    WJB and Legacy entered into certain sublease agreements for which Legacy had previously executed leases.

    h.    WJB terminated certain subleases in which WJB had entered with Legacy.

    i.    WJB purchased loans from Legacy, including ******2500 ("Loan 2500") and ******2200 ("Loan 2200")(collectively, the "Loans").

## 5. COMPUTATION OF DAMAGES

a. WJB: WJB seeks $438,150.00 representing the re-purchase price of the two loans at issue. WJB may also seek loss of anticipated profits damages based upon a time value of money calculation. WJB will seek recoverable interest, costs, expenses and attorney fees as well.

b. Legacy: The total damages claimed by Legacy are approximately $1,266,000 representing amounts paid by Legacy under the Subleases and the Indemnity Agreement and

7

consequential damages under such agreements as well as the amount owed under the Bill of Sale. Legacy also claims all interest and costs allowed by law as well as attorneys' fees.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.** August 4, 2014.

**b. Names of each participant and party he/she represented.** Jon Paul and Jeff Culbertson participated representing W.J. Bradley Mortgage Capital, LLC. Michael T. Callan participated on behalf of Legacy Group Lending, Inc. and Legacy Group Holdings, Inc.

**c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** There are no proposed changes.

**d. Statement as to when Rule 26(a)(1) disclosures were made or will be made.** The Parties have been ordered pursuant to the Court's Order July 21, 2014 Order Setting Scheduling Conference to complete their F.R.C.P 26(a)(1) disclosures on or before August 25, 2014.

**e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which have been agreed to by the witness, all counsel, and all *pro se* parties.** Counsel agreed to continue to work together and conduct informal discovery to the extent practicable, but have not set any joint interviews.

**f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

8

**In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery or electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.** The parties believe that many of the documents related to the parties' claims and defenses are stored electronically. (i) WJB and Legacy have instituted a litigation hold on all electronically stored information, (ii) The parties have agreed to produce all such documentation in either native or pdf form where possible, (iii) to take steps to limit costs and delays associated with production of such documents if possible; and, (iv) to continue to work informally with one another to facilitate production of electronically stored documents.

**Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.** The parties do not currently have any agreements beyond Attorney-Client Privilege and Work Product Doctrine.

### 7. CASE PLAN AND SCHEDULE

**a. The filing of amended and supplemental pleadings will be made pursuant to Fed.R.Civ.P. 15.** The parties agree that amended and supplemental pleadings will be made pursuant to Fed.R.Civ.P. 15.

**b. Discovery Cut-Off:** March 30, 2015

**c. Dispositive Motion Deadline:** April 30, 2015

**d. Expert witness Disclosures:**

(1). State anticipated fields of expert testimony, if any.

WJB may require expert testimony with respect to its lost profits claim and with respect to property appraisal industry standards. Legacy may require expert testimony on its consequential damage claims and claims related to the appraisals.

**(2). State any limitations proposed on the use or number of expert witnesses.** The parties have not set any limits, as expert testimony in this matter is not anticipated to be extensive.

**(3). The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before** December 30, 2014.

**(4). The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** January 30, 2015.

**(5). Any rebuttal opinions will be exchanged on or before** February 15, 2015.

**(6). Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.**

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| **WJB:** | | | |
| Dan Flitsch | To be agreed | To be agreed | No longer than 7 hours |
| Scott Rerucha | To be agreed | To be agreed | No longer than 7 hours |
| 30(b)(6) | To be agreed | To be agreed | No longer than 7 hours |

WJB reserves the right to add additional deponents as may be required.

<u>Legacy:</u>

| | | | |
|---|---|---|---|
| Roy Browning | To be agreed | To be agreed | No longer than 7 hours |
| Howard Michalski | To be agreed | To be agreed | No longer than 7 hours |
| 30(b)(6) | To be agreed | To be agreed | No longer than 7 hours |

Legacy reserve the right to add additional deponents as may be required.

**f. Interrogatory Schedule:** Initial Interrogatories must be submitted within 90 days of the date of the entry of this Order.

**g. Schedule for Request for Production of Documents:** Initial Requests for Production of Documents must be submitted within 90 days of the date of the entry of this Order.

**h.   Discovery Limitations:**

**(1). Any limits which any party wishes to propose on the number of depositions.** The parties have agreed to limit depositions to 5 per party (Legacy shall be 1 party) inclusive of expert depositions.

**(2). Any limits which any party wishes to propose on the length of depositions.** The parties have agreed to limit depositions to 7 hours.

**(3). Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.** None.

**(4). Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.** None.

**i. Other Planning or Discovery Orders:** None.

## 8. OTHER SCHEDULING ISSUES

**a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.** None.

11


**b. Anticipated length of trial and whether trial is to the court or jury.** The parties wish to try this matter to the court, and anticipate 4 days of trial.

## 9. AMENDMENTS TO SCHEDULING ORDER

The parties agree that this scheduling order may only be altered or amended upon a showing of good cause.

DATED this 3rd day of September, 2014.

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

SCHEDULING ORDER REVIEWED:

_____
/s/ Jon D. Paul
Jon D. Paul, Bar No.: 37404
Jeffrey C. Culbertson, Bar No.: 34806
W.J. Bradley Mortgage Capital, LLC
6465 Greenwood Plaza Blvd., Suite 500
Centennial, Colorado 80111
Telephone: (720) 458-5353
E-mail: Jon.paul@wjbradley.com
E-mail: Jeffrey.culbertson@wjbradley.com
Attorneys for Plaintiff W.J. Bradley
Mortgage Capital, LLC

_____
/s/ Michael T. Callan
Michael T. Callan, WA Bar No. 16237
Peterson Russell Kelly PLLC
10900 NE Fourth Street, Suite 1850
Bellevue, Washington 98004-8341
Email: mcallan@prklaw.com
Telephone: (425) 462-4700
Counsel for Legacy Group
Lending, Inc. and Legacy Group Holdings, Inc.

/s/ Brad W. Breslau
Brad W. Breslau
Cozen O'Connor-Denver
707 17th Street, Suite 3100
Denver, CO 80202-3432
Email: bbreslau@cozen.com
Telephone: (720) 479-3900
Co-counsel for Legacy Group Lending, Inc. and Legacy Group Holdings, Inc.